## JOHN KOHLBRUNNER *v.* THE STATE.

1. LIQUORS, SALE OF.  *Acts* 1886, *p.* 158.  "*Local option law.*"
   The act of March 16, 1886, entitled "an act to amend § 1112 of the code of 1880 in relation to the sale of vinous and spirituous liquors," although nominally a mere amendment of the code and in form a proviso to said section, operated to repeal the act of March 11, 1886, commonly known as the "local option law," in so far as their provisions conflict.

2. SAME.  *Native wines.*  *Sale authorized.*
   In the absence of any special local law prohibiting the sale, a person, without obtaining license, may sell in quantities not less than one pint, at his vineyard or residence, wine made from grapes or fruit grown by himself in this state, notwithstanding the general local option law may be in force in the county where such wine is sold.    Acts 1886, p. 158.

FROM the circuit court of Pike county.

HON. J. B. CHRISMAN, Judge.

The facts are stated in the opinion.

*Brame & Alexander,* for appellant.

We contend that as the act of March 16, 1886, was subsequent to, and by express provision repealed, the local option act passed at the same session, the putting into force of the local option act by the county of Pike did not abrogate the act of March 16th. In other words, the local option law when in force repeals all former laws in conflict with it; but it cannot repeal this statute passed subsequent to its enactment.

*T. M. Miller,* attorney-general, for the state.

The act of March 16, 1886, did not touch the provisions of the local option law, and is by no means in conflict with it. . Of course all statutes will be harmonized and allowed to stand if possible. Keeping this rule in view, we are free from all difficulty. So far as § 1112 of the code prevents the sale without license, the act of 1886, amendatory thereof, brings in an exception in favor of the producer; but where the local option law comes in, all sales are forbidden, with or without license. The act of 1886 presupposes and deals with the license system. Take away the system, therefore, (as the local option law does) and the act goes with it. It is submitted there is no error in the record.

COOPER, J., delivered the opinion of the court.

The appellant has been indicted and convicted for the violation of the provisions of an act entitled, "An act for preventing the evils of intemperance by local option in any county in this state, by submitting the question of prohibiting the sale of intoxicating liquors to the qualified voters of each county, to provide penalties for its violation, and for other purposes," approved March 11, 1886, and operative from and after its passage. The case was tried on an agreed statement of facts, by which it appears that the act of above date had been put in operation in the county of Pike, and was in operation at the time of the sale of the wine by the appellant. It further appears that the sale for which the indictment was found, was that appellant had, at his vineyard, in the county of Pike, sold wine made of grapes grown by him in his said vineyard, in quantities not less than one pint.

The defendant asked the court to instruct the jury that under the above facts he should be acquitted, which instruction the court refused, and the jury having returned a verdict of guilty, sentence of fine and imprisonment was imposed, from which the defendant appeals.

The appellant invokes in his defense the provisions of an act entitled, " An act to amend section 1112 of the code of 1880, in relation to the sale of vinous and spirituous liquors," approved March 16, 1886, and operative from and after its passage. That act is as follows :—

"Sec. 1. Be it enacted by the legislature of the state of Mississippi, that section 1112 of the code of 1880, be, and the same is hereby amended by adding after the word ' court' in the last line of said section the following : provided, that any person may sell wine made of grapes and other fruits grown by himself in this state, in any quantity not less than one pint, without paying any tax or obtaining any license, provided that nothing herein contained shall be construed so as to interfere with any local law prohibiting the sale of native wines; provided further, that the party so selling domestic wine shall sell the same at his place of residence or vineyard ; but this act shall not be construed to prevent the delivery of the wine in towns, or to railroad or other common carriers by the producer.

" Sec. 2. Be it further enacted that all acts and parts of acts in conflict with this act, be, and the same are hereby repealed."

Section 1112 of the code of which this act is amendatory is a part of the chapter in relation to retailing liquors. By previous sections it was provided how licenses to sell in quantities less than one gallon might be secured, and also under what circumstances it should not be lawful for the constituted authorities to grant any license to retail within particular localities. So much of section 1112 as is necessary to be set out for the consideration of this cause is as follows : " If any person shall sell any vinous or spirituous liquors in any quantity less than one gallon, without having a license therefor, in pursuance of this act ; . . . or, if any person, without having first paid the privilege tax, and having obtained

license accordingly, shall sell any vinous or spirituous liquor, in the quantity of one gallon or in greater quantity, . . . the person so offending shall be liable to indictment, and on conviction, shall be fined, not less than twenty-five dollars, nor more than five hundred dollars, or be imprisoned, not less than one week, nor more than three months, or both, at the discretion of the court."

The act of March 11, 1886 (for breach of which the indictment was found), provides that upon petition of a certain number of qualified electors, the boards of supervisors of each county in the state should submit to the electors of said county to be decided by them, whether said act should be put in operation in such county, and upon the fact being thus ascertained that a majority of the voters had adopted the law as operative then, it is provided by section 6 of said act that, " It shall not be lawful for any person within the limits of such county to sell or barter for valuable consideration, either directly or indirectly, or give away to induce trade at any place of business or to furnish at other public places, any alcoholic, spirituous, vinous, malt, or other intoxicating liquors, etc."

The attorney-general contends that the act of March 16th, is only an amendment of section 1112 of the code, and consequently has no application, except in those cases in which, but for the amendment, the code provision would prohibit the sale of domestic wines ; that where the code provision is suspended or superseded by the acceptance of the act of March 11th, the privilege of selling domestic wines, secured by the act of March 16th, is also suspended and superseded. The appellant insists that the act of March 16th, being of later date than that of March 11th, and containing a clause by which conflicting acts are repealed, operates to secure to manufacturers of domestic wines from grapes or fruits grown by themselves, the right to sell in the quantities named, except only in those localities where by local law such sales are prohibited.

While the question is not free from difficulty we are of opinion that the view contended for by appellant is supported by a proper construction of the act.

It is true that the title of the act is that of a mere amendment

to the section of the code, and further that it is in the form of a proviso thereto. Ordinarily it would be but a part of the amended section, and being a proviso would be but a reservation or exception to the body of the law. Read as such, it would simply declare that nothing in section 1112, or of the chapter of which it is a part, should be held to prohibit the sale of domestic wine made of grapes or fruit grown by the maker. But the intent that the right to sell should exist under other circumstances is evident from the fact that the act contains a repealing clause by which all acts in conflict with its provisions, save only local laws by which the sale of domestic wine is prohibited, are expressly repealed. Construed as a mere proviso to the code, the repealing section of the act is destroyed, and so much of the body of the act as declares that it shall not have effect in those localities in which by *local laws* domestic wines are prohibited from being sold, becomes a mere redundancy. The question is whether to preserve the form, we shall adopt a construction by which one section of the act (the repealing clause) and another portion of the body of the act shall be rendered surplusage, or shall we uphold the substance by disregarding the form.

The law under which appellant has been convicted was in existence at the time of the passage of the act of March 16th; it was a general law and is in conflict with the provisions of that act, and, in so far as it is, it is by its express provision repealed. The matter was before the legislative mind, and was directly dealt with. It knew that in some sections of the state local laws were in operation, under which no license could be obtained to retail vinous or spirituous liquors, and it knew also that under the general law, then recently passed, a broader prohibition might be secured by the adoption of its provisions by the qualified voters of any county in the state. Knowing this, it declared that the act then being considered should not have effect where, by reason of *local* laws, the sale of domestic wine was prohibited, but also declared that all general laws in conflict with its provisions should be and were repealed. The construction adopted by us is, furthermore, that by which the object of the statute is preserved. The right intended to be secured

was evidently for the purpose of encouraging a domestic industry by permitting the producer to dispose of the product of his labor without liability to criminal prosecution for so doing. While the legislature thought it inexpedient to secure that right in those localities where by fixed laws such sales were prohibited, it properly assumed that no stimulus would be given to the industry protected, if it was subjected to the varying application of the provisions of the act of March 11th, which under that law might be in force for two years in any locality, and suspended for a like time and again in operation and again suspended, and so in continuous alternation for all time.

*The judgment is reversed and cause remanded.*